## Jennings, et al. v. Columbia Life Insurance Company of Cincinnati.

(Decided March 9, 1926.)

### Appeal from Owen Circuit Court.

1. Mortgages—Receiver Held Properly Appointed in Action by Mortgagee for Sale of Mortgaged Property, where Conditions of Mortgage have Not Been Performed, and Property is Insufficient to

Discharge Mortgage Debt (Civil Code of Practice, Sections 298, 299).—Receiver held properly appointed under Civil Code of Practice, section 299, in action by mortgagee for sale of mortgaged property, where conditions of mortgage had not been performed, in that interest and taxes on mortgaged property had not been paid, and property was probably insufficient to discharge mortgage debt; section 298 being inapplicable.

2.    Appeal and Error.—Finding of chancellor on conflicting evidence will not be disturbed on appeal.

JAMES H. SETTLE for appellants.

H. W. ALEXANDER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellee, Columbia Life Insurance Company, of Cincinnati, Ohio, instituted this equitable action against appellants, Albert T. Jennings and wife, to recover $10,500.00, the amount due it by them on a promissory note and to enforce its collection by the sale of a tract of land under a mortgage lien. Pending the action appellee moved under section 299 of the Civil Code of Practice for the appointment of a receiver, and, on the hearing, the chancellor sustained the motion. Appellants prosecute this appeal from the order appointing the receiver.

Most of the objections urged by appellants to the action of the trial court are predicated upon opinions of this court rendered in actions for a receiver pursuant to section 298 of the Code. A consideration of the provisions of sections 298 and 299 will readily disclose that principles of law enunciated in cases arising under the former may not be invoked as applicable to cases arising under the latter. Appellee moved for the appointment of a receiver, in this action by a mortgagee for the sale of mortgaged property, upon the ground that the conditions of the mortgage had not been performed, and the property mortgaged was probably insufficient to discharge the mortgage debt. It insists that the proof offered by it in support of its motion was sufficient to establish the grounds, and that therefore the chancellor properly appointed a receiver. Section 299 of the Civil Code reads:

"In an action by a mortgagee for the sale of the mortgaged property, a receiver may be appointed, if it appear that the property is in danger of being lost, removed or materially injured or that the condition of the mortgage has not been performed, and that the

property is probably insufficient to discharge the mortgage debt.''

This is an action by a mortgagee for the sale of the mortgaged property. Therefore, upon a showing of the existence of either of the states of case in which under section 299, *supra,* a receiver may be appointed, the action of the chancellor in so doing may be upheld. The mortgage sued on herein had for one of its conditions the agreement upon the part of the mortgagors to pay the interest on the borrowed money semi-annually at six per cent per annum. The uncontradicted evidence establishes beyond question that appellants had failed to comply with that condition of the mortgage. By the terms of the mortgage appellants further agreed to keep all taxes upon the mortgaged property paid. That condition appears not to have been performed, because the uncontradicted evidence establishes that appellants owe the state and county taxes for two years and the graded school taxes for four years on the land covered by the mortgage. It, therefore, appears from uncontradicted testimony that the conditions of the mortgage had not been performed. It must further appear, however, if the action of the trial court is to be upheld, that the property under mortgage was probably insufficient to discharge the mortgage debt. A number of witnesses, including the sheriff of Owen county and the master commissioner of the Owen circuit court, testifying upon the hearing, so valued the mortgaged property as to make it appear to be insufficient to discharge the mortgage debt. Witnesses introduced for appellants valued the farm in question high enough to discharge the mortgage debt and more. The most that can be said is that there was a difference of opinion among the witnesses and contrariety of evidence as to whether or not the mortgaged property would pay the debt; and in the state of the record on that question of fact, the judgment of the chancellor can not be held to be in error. The judgment appealed from, therefore, is affirmed.

Judgment affirmed.